08 CV 5507

Alisa L. Silverstein, Esq. (AS 2926)
Gary Trachten, Esq. (GT 5480)
Thomas Furth, Esq. (TF 0785)
KUDMAN TRACHTEN ALOE LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118
Telephone: (212) 868-1010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BONDA INDUSTRIAL (HK) CO., LTD.

                                                  Plaintiff,

-against-



ECF Case
Civil Action No.:

Removed from the
Supreme Court of the State of
New York, County of New York
Index No.: 107329-08

TALBOT GROUP, LLC and
POTAMUS HOLDINGS, INC.

                                                  Defendants.
-----------------------------------------------------------X

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE SUPREME COURT OF THE STATE OF NEW YORK FOR THE COUNTY OF NEW YORK

Removing parties, Talbot Group, LLC ("Talbot Group") and Potamus Holdings, Inc. ("Potamus Holdings") (together the "Removing Parties"), by their undersigned attorneys, respectfully show this Court:

1. Removing Parties are the defendants Talbot Group and Potamus Holdings in the above-entitled action (the "Action").

2. On or about May 23, 2008, the Action was filed against the Removing Parties in the Supreme Court of the State of New York, County of New York, and is now pending therein.

3. Talbot Group and Potamus Holdings were served with the summons and complaint in the Action on May 23, 2008.

4. No further proceedings have been had in the Action.

5. The amount in controversy in the Action, exclusive of interest and cost, exceeds $75,000.00.

6. The plaintiff is a citizen of Hong Kong. The Removing Parties are both citizens of the State New York.

7. The Action is a civil action, wherein the plaintiff seeks a money judgment based upon the Removing Parties' alleged failure to pay plaintiff for the manufacturing and shipping of certain clothes. Plaintiff's claims allege breach of contract, conversion, promissory estoppel and unjust enrichment.

8. This Court has original jurisdiction of the Action pursuant to 28 U.S.C. §1332(a), making such claims removable to this Court pursuant to 28 U.S.C. §1441(a).

9. A copy of the summons and complaint served upon the Removing Parties in the Action are attached hereto as Exhibit A.

10. This Notice of Removal is filed with this Court within 30 days after service on the Removing Parties of the above-referenced summons and complaint.

**WHEREFORE**, Removing Parties hereby remove the Action from the Supreme Court of the State of New York, County of New York to this Court, pursuant to 28 U.S.C. §§ 1441(a).

Dated: New York, New York
      June 18, 2008

                        KUDMAN TRACHTEN ALOE LLP
                        Attorneys for Defendants
                        Talbot Group LLC and
                        Potamus Holdings, Inc.

By: _/s/ Alisa Silverstein_____
                        Alisa L. Silverstein (AS 2926)
                        350 Fifth Avenue, Suite 4400
                        New York, New York 10118
                        (212) 868-1010

Case 1:08-cv-05507-PKL    Document 1    Filed 06/18/2008    Page 3 of 15

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
BONDA INDUSTRIAL (HK) CO., LTD.

               Plaintiff,

    vs.

TALBOT GROUP, LLC and
POTAMUS HOLDINGS, INC

               Defendants,
-----------------------------------------------------------------x

**SUMMONS**

Index No.:

Filed On:

**To the above named Defendant's:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint hereto attached.

The basis of the venue designated is CPLR § 503 (a) in that the Defendants principal place of business is in this county.

**Defendants' Addresses:**
Talbot Group, LLC
15 East 32nd Street
New York, NY

Potamus Holdings, Inc.
15 East 32nd Street
New York, NY

                                       LAW OFFICES OF DWANE SMITH, PLLC
                                       By: _____
                                       Dwane Smith, Esq.
                                       Attorney for Plaintiff
                                       236 West 26th Street, Suite 303
                                       New York, New York 10016
                                       Tel: (212) 736-2624

Dated: New York, New York
May 23, 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
BONDA INDUSTRIAL (HK) CO., LTD.

               Plaintiff,

vs.

TALBOT GROUP, LLC and
POTAMUS HOLDINGS, INC

               Defendants,
-----------------------------------------------------------------x

**COMPLAINT**

Index No.: 107329-08

Plaintiffs Demand a
Trial By Jury

Plaintiff, Bonda Industrial (HK) Co., Ltd ("Bonda" or "Plaintiff"), by its attorneys, the Law Offices of Dwane Smith, PLLC, as and for its Complaint against defendants Talbot Group, LLC ("Talbot") and Potamus Holdings, Inc. ("Potamus") (Talbot and Potamus, whether doing business under either name or under the name Hippototamus (""Hippo") or otherwise, are collectively referred to herein as the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff and Defendants formed an agreement whereby Defendants placed orders with Plaintiff for Plaintiff to make certain clothes from certain fabrics along certain designs, such that Plaintiff would manufacture the clothing and then ship the clothing to Defendants, all as would be generally set forth in the form of purchase orders from Defendants to Plaintiff. Whereby after receipt of the clothing Defendants were to tender to Plaintiff the monies owed to Plaintiff for its completely performed services, generally pursuant to invoices sent by Plaintiff to Defendants. After engaging in this process many times with out any significant issue, Defendants in or about July of 2007,

1

ordered certain clothing to be manufactured by Plaintiff for Defendants' Hippo Fall 2007 Collection, to be sold in Defendants' stores doing business as Hippototamus ("Collection"), which Plaintiff dutifully manufactured and shipped to Defendants on or about August 29, 2007, in reliance on being compensated by Defendants per the agreements and dealings between the parties. Plaintiff has yet to be compensated in full or in part by Defendants for the Collection and as a result of Defendants' malicious actions, Plaintiff has suffered significant financial injury and the loss of other lucrative, moneymaking manufacturing jobs and the loss of time and expenses and costs of bringing this action.

## THE PARTIES

2. Plaintiff Bonda was and is a foreign corporation duly organized and existing under the laws of Hong Kong, China with its principal place of business located at Flat 05-06, 17/F, Fullerton Centre, 19 Hung to Road, Kwon Tong, Kowloon, Hong Kong.

3. Upon information and belief, defendant Talbot, was and is a limited liability company duly organized and existing under the laws of New York, with its principal place of business located at 15 East 32nd Street, New York, NY.

4. Upon information and belief, defendant Potamus was and is a corporation duly organized and existing under the laws of New York, with its principal place of business located at 15 East 32nd Street, New York, NY.

5. Except as hereinafter specifically described, Defendants, and each of them, were and are acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, and were the agents, alter egos, and/or employees of the others in doing the acts complained of herein, each and all of them

acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and all together.

## FACTUAL ALLEGATIONS

6. Bonda manufactures and ships clothing to clothing distributors all over the world.

7. Defendants have been utilizing the manufacturing services of Bonda for about three years and both parties have done substantial amounts of business together.

8. The Plaintiff and Defendants, although having done business together for some time, have never executed any written agreements but rather have relied upon their course of previous conduct in connection to their dealings with each other as well as the purchase orders and invoices and correspondence.

9. The previous course of conduct was as follows: Defendants request a price quote for a certain amount and specific design of fabric to be manufactured into sellable clothing by Defendants; Plaintiff apprises Defendants of the price to manufacture and ship the clothing to Defendants; Defendants order a certain amount of the clothing upon the agreed upon terms including price; Plaintiff manufactures said clothing and ships to Defendants; Defendants inspect the clothing upon its arrival and inform Plaintiff of any defects; Plaintiff adjusts the cost of manufacturing and shipping that Defendants owes, if necessary; Defendants remits payment to Plaintiff in full.

10. This course of conduct has been followed without exception each and every time Plaintiff and Defendants have engaged in business together.

11. In or around July of 2007, Defendants engaged Plaintiff to manufacture the Collection.

12. On or about August 29, 2007 Plaintiff shipped the first part of the manufactured Collection to Defendants.

13. On or about September 11, 2007 Defendants made a complaint to Plaintiff that some of the manufactured clothing was defective.

14. The parties agreed on a reduced rate for the cost of manufacturing and shipping the clothing and/or agreed that Plaintiff would re-manufacture certain specified goods for the Collection, which Plaintiff did and which Defendants received and accepted and used for their benefit by selling the goods.

15. On or about October 30, 2007 the final shipment of the Collection was sent by Plaintiff to Defendant.

16. On October 31, 2007 Bonda sent to Hippo a commercial invoice representing One Hundred Fifty Three Thousand Six Hundred Seven Dollars and Fifty Four ($153,607.54) Cents owed to Bonda by Defendants for the order placed by Defendants and the shipments made by Plaintiff to Defendants of those goods between July 2007 and November 2007 and reflecting the re-manufacture or the rejected goods, such that no dispute existed or exists between the parties as to them amount due and owing, which amount, in full, Defendants were to pay to Plaintiff and which amount is still due, overdue and duly owed.

17. Defendants have not paid the invoice and had voiced no concerns about defective manufacturing or any other basis to reject the goods received or any other basis to alter the amounts invoiced.

18. On or about December 3, 2007 Hippo emailed Bonda requesting pricing for the manufacturing and shipping of a collection of clothing for Spring 2008.

19. In the December 3, 2007 email from Hippo, Hippo assured Bonda that Defendants were good and loyal customers and that Plaintiff could count on Defendants for clothing orders for seasons to come and furthermore thanked Plaintiff for extending the time for Defendants to pay the invoices for the Collection, whereby Defendants confirmed the obligation and duty to pay Plaintiff the amount due and invoiced, of $153,607.54.

20. In subsequent emails between the parties it was acknowledged and agreed that Defendants would tender to Plaintiffs payment in full of the outstanding invoice for the Collection no later than January 16, 2008.

21. Payment was never tendered to Plaintiff by Defendants and the balance of the invoice is still outstanding to this date, yet Defendants have sold the clothing from the Collection for financial gain to numerous third parties.

22. Plaintiffs dutifully attempted to collect the monies due and owing them from Defendants by extending to Defendants opportunities to discuss and negotiate an amicable resolution to the outstanding invoices.

23. Defendants have failed to respond to Bonda's good faith attempts to resolve the outstanding invoices.

24. Defendants failure to pay Bonda has left Bonda with insufficient funds and has impacted Bonda's ability to purchase fabric in connection to Bonda's other customers and fulfill subsequent orders.

25. Bonda's inability to purchase fabrics due to Defendants breach of contract has resulted in Bonda's loss of current and future customers throughout the world.

26. Bonda continues to be harmed by Defendants failure to pay the monies owed to them and by their reliance on the promises of payment made to Bonda by Defendant.

## COUNT I

## BREACH OF CONTRACT

27. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. As set forth in detail above, with full knowledge and intent, the parties duly negotiated and entered into the following (i) garment manufacturing agreements; and (ii) an agreement to pay Plaintiff for the manufacturing and shipping of those garments, upon receipt and/or invoice and per their normal course of performance, which by further agreement between the parties, the final date for such payment was extended to January 16, 2008.

29. Plaintiff fully performed in accordance with the terms of said agreements.

30. As set forth in detail above, Defendants breached the foregoing agreements by, *inter alia*: (i) terminating and repudiating them without cause; (ii) failing to pay Plaintiff for the manufacturing and shipping costs due for the Hippo Fall 2007 Collection and (iii) refusing to pay Plaintiff in full the outstanding monies owed to them by and through the agreed upon extension date of January 16, 2008.

31. As a result of the foregoing breaches, Plaintiff suffered compensatory damages and loss of other earnings, including without limitation, future earnings.

32. Accordingly, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at the trial of the merits of this action, but in no respect less than

Five Hundred Thousand ($500,000) Dollars, as well as an award of costs, pre- and post-judgment interest.

## COUNT II

## CONVERSION

33. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. As set forth in detail above, the parties entered into arrangement whereby the Plaintiffs were manufacturing on behalf of and shipping to Defendants custom designed clothing for the Hippo Fall 2007 Collection.

35. Plaintiffs have a right of possession, a 100% percent interest in the Hippo Fall 2007 Collection until Defendants have paid Plaintiff in full for the Collection.

36. Defendants to date owe Plaintiffs One Hundred Fifty Three Thousand Six Hundred Seven Dollars and Fifty-Four ($153,607.54) Cents for the manufacturing and the shipping of the Collection.

37. Defendants received the Collection and knowingly converted the assets of Plaintiff with the intent to deprive Plaintiffs permanently of their lawful property.

38. Defendants are knowingly dealing with the Collection inconsistently with the rights of Plaintiff under the agreements described in detail, *supra*.

39. As a result, Plaintiff has been damaged and continues to be monetarily damaged, at least in the amount of such conversion, which is specifically identifiable and subject to the return of Defendant.

7

## COUNT III

## PROMISSARY ESTOPPEL

40. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. As described in detail above, Defendants made the following unambiguous promises to Plaintiff: (i) that Plaintiff would be paid in full for cost of manufacturing and shipping the Hippo Fall 2007 Collection to Defendants and (ii) that Plaintiff would be paid in full for future orders if Plaintiff extended Defendants time to pay their outstanding balance for the Hippo Fall 2007 Collection.

42. At all times, Defendants knew that Plaintiff was reasonably relying upon their promises and foregoing other clients and opportunities due to their commitments to the Defendants under the agreements.

43. As a result, Plaintiff relied to its detriment on Defendants promises, assurances and representations by, among other things, extending repayment of outstanding invoices, incurring expenses in connection with their work, performing work for no compensation, reserving its right to seek legal redress for Defendants failure to pay Plaintiff for the Hippo Fall 2007 Collection, and by foregoing other business opportunities.

44. Based upon Defendants' representations and Plaintiffs' reasonable reliance on those representations, Defendants are estopped from repudiating and/or denying the terms of the agreements described above.

45. Accordingly, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at the trial of the merits of this action, but in no respect less than

Five Hundred Thousand ($500,000) Dollars, as well as an award of costs, pre- and post-judgment interest.

## COUNT IV

## UNJUST ENRICHMENT

46. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. As described in detail above, Defendants were unjustly enriched by their unlawful receipt, use and resale of clothing manufactured and shipped by Plaintiff in reliance of Defendants' representations to pay Plaintiff.

48. In equity and good conscience, Plaintiff is entitled to the reasonable value of their services and financing and costs.

49. Accordingly, Plaintiffs are entitled to an award of monetary damages in an amount to be determined at the trial of the merits of this action, but in no respect less than Five Hundred Thousand ($500,000) Dollars, as well as an award of costs, pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief on the causes of action stated above Defendants as follows:

a.  On the First through Fourth Counts, that Plaintiff be awarded compensatory damages in an amount to be determined at trial and which is otherwise incalculable at this time but is not less than Five Hundred Thousand ($500,000) Dollars;

b.  That Plaintiffs be awarded pre- and post-judgment interest;

  c. That Plaintiffs be awarded their attorneys' fees, cost and disbursements, and

  d. That Plaintiff is awarded all other and further relief as the Court may deem just and proper.

Date: New York, New York
   May 23, 2008

         THE LAW OFFICES OF DWANE SMITH, PLLC

         By: _____
         Dwane Smith
         236 West 26th Street
         Suite 303
         New York, New York 10001
         Tel: (212) 736-2624
         Fax: (212) 981-0528

         Attorneys for Plaintiff