UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/09

---

BONDA INDUSTRIAL (HK) CO.,
LTD.,

        Plaintiff,

    - against -

TALBOT GROUP, LLC and POTAMUS
HOLDINGS, INC.,

      Defendants.

---

**OPINION AND ORDER**

08 Civ. 5507 (PKL)

---

TALBOT GROUP, LLC and POTAMUS
HOLDINGS, INC.,

        Plaintiffs on the
          Counterclaim,

    - against -

BONDA INDUSTRIAL (HK) CO., LTD.
and BONNIE WONG,

        Defendants on the
          Counterclaim.

## Appearances

Bonnie Mohr
Law Office of Bonnie L. Mohr
236 W. 26th St., Suite 303
New York, NY 10001

Dwane Smith
Dwane Smith PLLC
236 W. 26th St., Suite 303
New York, NY 10001

Ira Meyerowitz
Law Firm of Ira Scott Meyerowitz
347 Fifth Ave., Suite 1300
New York, NY 10016
**Attorneys for Plaintiffs**[1]


Alisa Silverstein
Kudman Trachten Aloe LLP
350 Fifth Ave., Suite 4400
New York, NY 10118
**Attorneys for Defendants**

---

[1] Of the attorneys appearing on behalf of plaintiff in opposition to this motion, only Bonnie Mohr is admitted to the Southern District of New York and has filed a notice of appearance in this case.  Mr. Smith is not admitted to this Court, as discussed below, but has represented plaintiff in this case thus far.  Mr. Meyerowitz is plaintiff's proposed substituted counsel.

**LEISURE, District Judge:**

Bonda Industrial (HK) Co., Ltd. ("Bonda" or "plaintiff") has repeatedly failed to comply with Court orders and has neglected the prosecution of its claims for over six months.  Pursuant to Federal Rule of Civil Procedure 41(b), defendants Talbot Group, LLC ("Talbot Group") and Potamus Holdings, Inc., ("Potamus Holdings") move this Court, by order to show cause, to dismiss plaintiff's case for failure to prosecute and for failing to comply with this Court's orders.  In the alternative, defendants seek a default judgment against counterclaim defendants Bonda and Bonnie Wong ("Wong"), Director and principal owner of Bonda.  Because of plaintiff's complete failure to demonstrate any effort to prosecute this case and its inexcusable disregard of Court orders, defendants' motion to dismiss is GRANTED, and plaintiff's claims are DISMISSED with prejudice.

## BACKGROUND

Bonda initiated this action on May 23, 2008 in New York State Supreme Court alleging breach of contract, conversion, promissory estoppel, and unjust enrichment. Bonda's claims are based upon defendants' alleged failure to pay Bonda for certain clothing Bonda manufactured. Defendants removed the case to this Court on June 18, 2008.

1

In their amended answer, defendants denied the majority of plaintiff's allegations and asserted counterclaims against Bonda and Wong for breach of contract, breach of warranty, conversion, and trademark infringement in connection with the promotion, marketing, and distribution of clothing using defendants' trademark.

As this Court explained during the December 17, 2008 order to show cause hearing, to date, Bonda and Wong have not filed a reply to the counterclaims, due in large part to the fact that their attorney, Dwane Smith, Esq., cannot file pleadings on his clients' behalf as he is neither admitted to this Court, nor admitted to try this particular case *pro hac vice*. (Tr. 4.)[2]  In addition, plaintiff has otherwise neglected to prosecute its claims, as demonstrated by its failure to respond adequately to, or to serve, discovery requests, or to otherwise advance this case. (See Tr. 7.)

Plaintiff's failure to prosecute is exacerbated by Mr. Smith's repeated misrepresentations to this Court as to his intentions to move the case forward. (Tr. 3:18-3:21, 4-6.) Time after time, the Court gave Mr. Smith and his client the benefit of the doubt, granting numerous extensions to

---

[2] Throughout this decision, citations to "Tr." are references to the transcript for the December 17, 2008 order to show cause hearing on defendants' Rule 41(b) motion to dismiss.

2

allow Bonda and Wong time to file a reply to the counterclaims, and to otherwise demonstrate an intent to prosecute plaintiff's claims. As far back as July 21, 2008, Mr. Smith informed the Court by letter that he intended to seek admission *pro hac vice*, and he assured the Court that he would be following up on his application in the upcoming week. (Tr. 4.) Based on this representation, the Court so ordered the parties' stipulation, granting plaintiff an additional twenty (20) days to respond to the counterclaims and for Mr. Smith to appear in the action. (Id.) Plaintiff's requests for extensions were again granted on August 12 and August 21, 2008, based upon the Court's understanding that Mr. Smith was trying to gain admission to this Court. (Tr. 5.)

Mr. Smith's representations were not limited to written communications. At both the September 4 and November 25, 2008 pre-trial conferences, Mr. Smith assured the Court that he would promptly submit a *pro hac vice* application, and that his client intended to pursue its claims. (Tr. 5, 7.) On both occasions, the Court cautioned Mr. Smith that plaintiff's failure to prosecute this case would be grounds for dismissal under Rule 41(b) and pursuant to the Supreme Court's decision in Link v. Wabash R.R. Co., 370 U.S. 626 (1962), and its progeny. (Tr. 5, 7.)

3

In a purported effort to address Mr. Smith's failure
to gain admission to this Court, on November 10, 2008,
Bonnie Mohr, Esq. filed a notice of appearance in this
action. (Docket No. 10.) The notice provides, "Please take
notice that the undersigned hereby appears in the above
captioned action as counsel to the Law Offices of Dwane
Smith PLLC." Notably, Ms. Mohr did not appear on behalf of
Bonda and Wong. Prior to the November 25, 2008 pre-trial
conference, Ms. Mohr informed the Court that she would be
assisting Mr. Smith with electronic filing, as she was
admitted to the Southern District of New York, but that Mr.
Smith would continue to represent Bonda and Wong in the
case. (Tr. 6.) Ms. Mohr's notice of appearance was not
accompanied by an application for Mr. Smith's *pro hac vice*
admission, nor did her assistance impact plaintiff's lack
of effort in the case.

By order to show cause, Talbot Group and Potamus
Holding ask the Court to dismiss the case pursuant to Rule
41(b). Specifically, defendants contend that Mr. Smith's
inability to gain admission to this Court or to move his
client's case forward in any manner warrants dismissal.
(Defs.' Mot. 6.) In the alternative, Talbot Group and

4

Potamus Holding seek a default judgment against Bonda and Wong for their failure to respond to the counterclaims.[3]

In opposition to defendants' motion, plaintiff's counsel emphasize that plaintiff has not missed any conferences, has not submitted any vexatious or burdensome filings to the Court, and that it is unlikely that defendants have suffered economic loss by plaintiff's delays. (Opp'n Br. 7-9.) In addition, plaintiff's counsel submitted notice of a cross-motion, seeking leave of the Court to extend time to December 12, 2008, to allow Bonda and Wong to serve and file an answer to the counterclaims, to serve supplemental discovery responses, and to serve discovery demands. (Docket No. 20.) Moreover, Mr. Smith and Ms. Mohr submitted a signed consent to substitute Ira Meyerowitz, Esq. as attorney of record for Bonda and Wong. (Docket No. 22.)

As proposed substituted counsel, Mr. Meyerowitz attended the December 17, 2008 hearing. After reviewing plaintiff's abysmal record in this case, the Court specifically asked Mr. Meyerowitz whether he was prepared to get involved in this case in its current posture. (Tr. 23.) Mr. Meyerowitz informed the Court that he was

---

[3] Because the Court is granting defendants' motion to dismiss pursuant to Rule 41(b), the Court does not reach the merits of defendants' alternative motion for default judgment against Bonda and Wong.

5

reluctant to get involved in this "hornet's nest" unless the Court was prepared to consider his participation a "clean break from the past." (Tr. 24.)

## DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action if a plaintiff fails to prosecute the case or fails to comply with orders of that court. Fed. Civ. P. 41(b). The Second Circuit has outlined five factors that a district court must consider to determine whether dismissal pursuant to Rule 41 is appropriate, including: (1) the duration of plaintiff's failure to prosecute the case and/or comply with court orders; (2) whether plaintiff was on notice that further delay and/or continuing to disregard court orders would result in dismissal; (3) whether defendants would likely be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with plaintiff's right to an opportunity for a day in court; and (5) whether there are other lesser sanctions available to the court to remedy the situation. See United States ex rel. Drake v. Norden Sys. Inc., 375 F.3d 248, 254 (2d Cir. 2004); Shannon v. GE, 186 F.3d 186, 193-94 (2d Cir. 1999); Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 350 (S.D.N.Y. 2005) (Leisure. J.). No single factor is

6

dispositive, see Shannon, 186 F.3d at 194, and, ultimately, the Second Circuit will review the record as a whole to determine whether dismissal was proper. Drake, 375 F.3d at 254.

In balancing these five factors, the Court is mindful that involuntary dismissal of a plaintiff's case is "a harsh remedy to be utilized only in extreme situations." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (internal citations omitted). This case, however, is an example of extreme circumstances that warrant dismissal because plaintiff has continuously and inexplicably failed to pursue its claims in any meaningful way, while ignoring the explicit orders and instructions of this Court.

## A. Duration

The first factor - the duration of plaintiff's delay and/or disregard of Court orders - favors dismissing plaintiff's case pursuant to Rule 41(b). Here, plaintiff's inexcusable behavior provides the Court with two alternative grounds to dismiss: (1) plaintiff and its counsel have failed to comply with specific orders of this Court for an unreasonable amount of time; and (2) there has been a complete lack of prosecution of this case for more than six months.

Without offering a reasonable excuse, plaintiff has failed to comply with the orders of this Court. At the September 4, 2008 pre-trial conference, the Court specifically instructed Mr. Smith to gain admission before this Court[4] and to promptly move plaintiff's case along. The Court reiterated these directives at the November 25, 2008 pre-trial conference. Both orders were completely ignored until defendants brought the instant motion. In opposition to defendants' motion, plaintiff's only explanation for its failure to comply with this Court's orders is that Mr. Smith's financial constraints, the demands of his practice as a solo practitioner, and personal issues he faced impeded his ability to gain admission to this Court and to otherwise proceed with this case. (Tr. 22, 29; Declaration of Dwane Smith, dated

---

[4] In order for Mr. Smith to represent Bonda and Wong in this case, he needed to gain admission to the Southern District of New York, or submit a *pro hac vice* application to obtain permission to try this case. See Local Civil Rule 1.3(c) ("Only an attorney who has been [admitted to try a particular case after making a motion with the Clerk of the District Court] or who is a member of the bar of this court may enter appearances for parties, sign stipulations or receive payments upon judgments, decrees or orders."). Rather than complying with the requirements of the Local Civil Rules for the Southern District of New York, Mr. Smith enlisted the assistance of Ms. Mohr. Although she submitted a notice of appearance in this case, the Court recognizes that she envisioned her participation to be limited to assisting Mr. Smith, rather than representing Bonda and Wong. In fact, Ms. Mohr's notice of appearance in this case indicates that she was to be counsel to Dwane Smith PLLC, not to the parties in the action. What Mr. Smith and Ms. Mohr failed to appreciate is that Bonda and Wong needed counsel that was both admitted to this Court and intended to represent them. If Ms. Mohr's role was to be limited to assisting Mr. Smith with electronically filing papers, Mr. Smith was not alleviated of his responsibility to submit a *pro hac vice* application to litigate this case.

8

December 12, 2008, ¶¶ 7-9.)  Mr. Smith was responsible for bringing these facts to the Court's attention, rather than misrepresenting his intentions and ignoring the Court's directives. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980) (Kaufman, J.) (refusing to excuse plaintiff from the consequences of his attorney's conduct where the attorney neglected to inform the district court that he had been unable to practice due to an automobile accident and because of scheduling conflicts with other cases).  While sympathetic to Mr. Smith's purported difficulties, the Court is not satisfied that Bonda has demonstrated any good faith efforts to comply with the orders that would excuse counsel's behavior. See, e.g., Richter v. Webster Hall Entm't Corp., No. 04 Civ. 2748, 2006 U.S. Dist. LEXIS 74555, at *11-*13 (S.D.N.Y. Oct. 12, 2006)(Leisure, J.)(finding plaintiff's behavior was unacceptable where plaintiff's counsel's explanations for failing to comply with Court orders indicated his own irresponsibility and poor organization rather than plaintiff's good faith efforts to move the case forward).

Moreover, while plaintiff's counsel argued to this Court that he is exclusively to blame for plaintiff's inactivity in this case, (see Tr. 27, 29), it is well established that a client is bound by the actions of his

9

counsel. See Link v. Wabash, 370 U.S. 626, 633-34 (1962) (holding that "[plaintiff] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"); Chira, 634 F.2d at 666 (explaining that "absent a truly extraordinary situation . . . the client is not excused from the consequences of his attorney's nonfeasance"); Valenti v. United States, No. 07 Civ. 879, 2008 U.S. Dist. LEXIS 43315, at *9-*10 (E.D.N.Y. May 29, 2008)(dismissing plaintiff's claims pursuant to Rule 41(b) where plaintiff's counsel was "woefully neglectful" of his duties by failing to properly file a *pro hac vice* application, follow directions of the court, or take any action in connection with the case for over ten months); Europacific, 233 F.R.D. at 351 ("[a] plaintiff cannot escape responsibility for failing to prosecute his claim even if his attorney is the source of the delay.").

Further, Bonda has not presented any evidence that its intention to pursue its claims was inhibited by its counsel's neglect. Rather, it appears that plaintiff put its head in the sand, allowing its counsel to file notices of appearance and substitution of counsel, but ignoring the fact that discovery was not served, that the counterclaims were not answered, and that there was no indication

10

plaintiff's claims were progressing.  In fact, Mr. Smith's only representations to this Court as to his clients' participation in this case indicate difficulties he encountered in getting information from his client due to the fact that he contacted Wong too late, she was traveling, needed more time, and had laser surgery. (Tr. 29.)  As defendants argue, see Tr. 16, in opposing this motion to dismiss Bonda had the opportunity to state clearly its intention to prosecute this case.  Bonda's opposition, however, does not demonstrate that counsel's failures alone are to blame for the lack of progress in this suit.

Alternatively, plaintiff's claims must be dismissed because plaintiff has failed to prosecute this case since it has been pending before this Court. See Chira, 634 F.2d at 667 (holding that while plaintiff's failure to comply with the district court's order was basis for dismissal, plaintiff's "indolence . . . runs deeper, for beyond his failure to comply with the district court's specific directions for the prosecution of his suit, [plaintiff] failed to take any other action to move his case to trial").  For more than six months after the case was removed to this Court, plaintiff has failed to demonstrate any intent to advance its claims, or to defend against the

11

counterclaims.  Failing to prosecute these claims for more than six months is unreasonable, and grounds for dismissal. See Chira, 634 F.2d at 667 (affirming that six-month delay in which plaintiff failed to prosecute was grounds for dismissal); Nolan v. Primagency, Inc., No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *9-*10 (S.D.N.Y. Apr. 15, 2008)(finding that a six-month delay was of sufficient duration to weigh in favor of dismissal, where in addition to the action laying dormant for those months, plaintiff ignored and disobeyed multiple court orders designed to move the case along); Chandler v. City of New York, No. 03 Civ. 0789, 2005 U.S. Dist. LEXIS 24888, at *10-*11 (S.D.N.Y. Oct. 20, 2005) (holding that plaintiff's failure to abide by court orders for over seven months was a significant duration and supports dismissal).

## B. Notice

The Second Circuit has instructed district courts to consider whether plaintiff received notice that its failure to comply with Court orders and/or additional delays would result in dismissal.  The Court finds that this factor supports dismissal.  This Court emphasized at both the September and November pre-trial conferences that there is clear precedent allowing the Court to dismiss a case when plaintiff fails to prosecute its claims.  The Court also

12

reminded Mr. Smith that it was completely unacceptable for him to ignore his duty to gain admission to this Court.  At both conferences, the Court cautioned that if plaintiff and its counsel continue to ignore their obligations, plaintiff's claims would be dismissed.  As such, only after plaintiff disregarded these explicit warnings did the Court consider dismissing plaintiff's claims.  See Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993)(affirming Rule 41(b) dismissal where district court judge instructed plaintiff's counsel that the case would be dismissed if plaintiff did not appear on the scheduled date ready for trial and thus plaintiff "indisputably" received notice that the case would be dismissed).  Moreover, the fact that the Court invited defendants to make this motion to dismiss by order to show cause demonstrates that plaintiff was on notice that the Court was contemplating dismissal.  See Chandler, 2005 U.S. Dist. LEXIS 24888, at *12 (holding that "the Order to Show Cause was explicit notice that the Court was considering a Rule 41(b) dismissal"); Time Warner Cable v. Caro, No. 98 Civ. 3354, 1999 U.S. Dist. LEXIS 5413, at *5 (E.D.N.Y. Apr. 9, 1999)(finding that it was "evident" from the court's order to show cause that plaintiff had notice that further delays would result in dismissal).

13

## C. Prejudice

The third factor the Court considers in assessing whether plaintiff's claims should be dismissed is whether defendants would be prejudiced by further delay. Where, as here, delay is unreasonable, prejudice may be presumed as a matter of law. See Shannon, 186 F.3d at 195; Peart, 992 F.2d at 462. Such a presumption is generally warranted because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon,186 F.3d at 195.

While defendants need not show prejudice in this case, in considering this factor, the Court notes that defendants have offered uncontested evidence of the prejudice they have suffered because of plaintiff's behavior.   In particular, defendants offered uncontroverted evidence that Wong knew that defendants were trying to finalize a business arrangement, but that the ongoing stalemate in this litigation was preventing the deal to close. (See Declaration of Tiffani Talbot, dated December 15, 2008, ¶ 7.)  Moreover, plaintiff's proposed substituted counsel, Mr. Meyerowitz, did not provide defendants or this Court with any assurances that these delays would stop, as he has

14

only agreed to represent plaintiff if the Court will
disregard plaintiff's past wrongful behavior. (Tr. 23-24.)

### D. Balancing of Calendar Congestion Against Plaintiff's Right to Due Process

The fourth factor requires the Court to strike a
"balance between [its] calendar congestion and the
plaintiff's right to an opportunity to be heard." Drake,
375 F.3d at 257.  The Court is always reluctant to deprive
a plaintiff of a chance to litigate its claims, but finds
that this case is an example of a "rare occasion" where
such deprivation is warranted. See Chira, 634 F.2d at 668
(explaining that "on rare occasions . . . fairness to other
litigants, whether in the same case or merely in the same
court (as competitors for scarce judicial resources)"
requires dismissal).  Because of plaintiff's lack of
prosecutorial activity in this case, this Court was forced
to consider several requests for extensions and to hold
three pre-trial conferences discussing plaintiff's
failures.  Thus, the Court devoted signficicant time and
resources to this case.  At no time, however, did plaintiff
demonstrate its intent to comply with Court orders or
illustrate that it was not burdening this Court's docket
with a case that it did not intend to prosecute. See
Chandler, 2005 U.S. Dist. LEXIS 24888, at *15 ("In light of

15

plaintiff's numerous prior failures to comply with deadlines, and the general malaise with which this case has been prosecuted, the Court is not prepared to take the chance that further expenditures of time and effort will be met with more diligent prosecution and professional behavior.")

Moreover, plaintiff could have avoided this dismissal if it made any attempt to comply with the orders of this Court and advance this case. Instead, plaintiff's right to its day in court is diminished by plaintiff's and plaintiff's counsel's recalcitrance. See George v. Cousins Printing LLC, No. 06 Civ. 6135, 2008 U.S. Dist. LEXIS 66751, at *4-*5 (S.D.N.Y. Sept. 2, 2008)(holding that plaintiff's failure to comply with court orders or make any attempt to prosecute this case "dismisses [plaintiff's] right to have the court hear his claim"); Europacific, 233 F.R.D. at 354 ("where a plaintiff could have avoided dismissal by pressing its claim(s), there can be no claim by plaintiff that its due process rights have been denied")(internal citations omitted); Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)(holding that "the fact that [plaintiff] repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court").

## E. The Efficacy of Lesser Sanctions

In evaluating the fifth and final factor, the Court considers the appropriateness of alternative sanctions. In an effort to give due consideration to the possibility of other sanctions, this Court invited defendants' counsel to provide evidence as to the costs incurred because of plaintiff's behavior in this case, and defendants did so.[5] After considering the option of sanctioning the attorneys and/or plaintiff directly, the Court finds that such sanction would be insufficient to remedy this situation. Not only have plaintiff's attorneys inadequately represented Bonda's interests, but Bonda has provided no indication that it has monitored counsel's prosecution of its case or that it has disapproved of counsel's dilatory tactics. Despite Mr. Smith's assurances to the contrary, plaintiff provided no evidence to indicate that it was not complicit in counsel's failures. (See Tr. 17.) Moreover, Mr. Meyorowitz's proposed appearance cannot salvage this

---

[5] In response to the Court's invitation for additional information as to the costs incurred because of plaintiff's behavior in this case, defendants submitted the Declaration of Alisa Silverstein in Support of Defendants' Application For an Award of Fees and Costs, dated December 28, 2008. According to this declaration, defendants seek an award of attorney's fees and costs in the amount of $10,158.35, in addition to the dismissal of plaintiff's case. The Court declines to award monetary sanctions. While a monetary award would be insufficient to sanction plaintiff's conduct, the Court finds that ordering attorney's fees and costs in addition to dismissing this case would be unduly harsh, especially in light of Mr. Smith's reported financial difficulties.

17

case since he explicitly stated that he would only become involved in this case if there is a clean break from the current situation. (Tr. 24.)  This Court will not ignore six months of inactivity, misrepresentations, and disregard of Court orders to the defendants' detriment.

The Court is mindful of the fact that sanctioning lawyers directly might be a more appropriate sanction when the delay is occasioned by plaintiff's counsel's disregard of their obligations rather than by plaintiff's own behavior or strategy. See Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996) (emphasizing the importance of examining the relative conduct of plaintiff and plaintiff's counsel). Here, however, plaintiff's counsel's egregious behavior in the face of the Court's repeated warnings, coupled with the lack of any evidence of good faith efforts by plaintiff to advance its claims, leaves dismissal as the only possible remedy. See Richter, 2006 U.S. Dist. LEXIS 74555, at *17 ("Prior warning of dismissal and admonishment of plaintiff's counsel for his series of failures to appear before the Court and advance his client's claims have been ineffective in motivating him to effectively prosecute this case, and thus lesser sanctions would be inadequate."). This Court will not penalize defendants for plaintiff's failures. See Link, 370 U.S. at 634 n.10 ("[k]eeping this

18

suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant*.") (emphasis in original).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is hereby GRANTED, and plaintiff's claims are DISMISSED with prejudice.  Plaintiff's cross-motion for leave of this Court for additional time to supplement discovery responses and to serve discovery demands is DENIED AS MOOT, to the extent those requests pertain to plaintiff's claims.  This decision does not, however, dismiss or otherwise limit defendants' counterclaims.  To the extent defendants intend to pursue their counterclaims, the parties are ordered to appear before this Court for a pre-trial conference in courtroom 18B on February 4, 2009, at 10:00 a.m.

**SO ORDERED.**
**New York, New York**

January 22 2009

U.S.D.J.

19